**Gaila ECKERT as Personal Representative of the Donovan Eckert Estate, Plaintiff and Appellant,**

v.

**Ben ECKERT, Defendant and Appellee.**

**Civ. No. 870297.**

Supreme Court of North Dakota.

July 19, 1988.

Pringle & Herigstad, P.C., Minot, for plaintiff and appellant; argued by John J. Petrik.

Kenner Law Firm, P.C., Minot, for defendant and appellee; argued by Harris P. Kenner.

GIERKE, Justice.

Gaila Eckert, as personal representative of the estate of Donovan Eckert, appeals

from a district court judgment dismissing her action against Ben Eckert. We reverse and remand for a new trial.

Ben Eckert was Donovan Eckert's uncle. In 1959 the two formed a partnership and engaged in farming and ranching as the "E–7 Ranch." No formal partnership agreement was ever executed. Donovan died in 1982, and Gaila commenced this action seeking dissolution and liquidation of the partnership.

The parties have reached an agreement for division of all partnership property except for cooperative patronage credits with the Minot Farmers Union Elevator, Minot Farmers Union Oil, and Harvest States Cooperative. Gaila asserts that these patronage credits are partnership property which should be equally split. Ben asserts that these credits were titled in his name individually and are not partnership property.

As explained in this record, a portion of the cooperatives' profits each year are allocated to each member-patron and the cooperative is required to pay out at least twenty percent of this amount in cash to the member-patron. The remaining eighty percent is retained by the cooperative but shows on its books as a patronage credit to the member-patron. Although this portion is not distributed to the member-patron at the time it is earned, it must be reported as income by the member-patron. These unpaid distributions typically are retained by the cooperative until the member-patron reaches a certain age or the cooperative's board of directors votes to "retire" the credits for a specified past year.

In this case, patronage credits were earned on business generated by the partnership. The twenty percent annual cash distributions were paid to Ben Eckert, who placed them in the partnership account and included them as income to the partnership on the partnership tax return. The partnership return then allocated one-half of this income to Ben and one-half to Donovan. The eighty percent patronage credits were also included as partnership income each year, and again one-half of this income was allocated to each partner.

Upon reaching age 65 in 1978, Ben began receiving distributions of the retained patronage credits from Farmers Union Oil. Between 1978 and 1983, Ben received $28,-612.28 in retirement of those credits. Ben has retained all of these funds. None of the retained patronage credits earned on partnership business with Farmers Union Elevator and Harvest States had been distributed at the time of trial.

The trial court placed upon Gaila the burden of proving that the patronage credits earned through partnership business were partnership property. The trial court concluded that Gaila had failed to meet her burden of proof and dismissed her action. Gaila asserts on appeal that the trial court erred in failing to apply a statutory presumption which would shift the burden of proof to Ben. We agree.

■ The trial court relied heavily upon the fact that the patronage credits were held in Ben's name, but that fact is not conclusive of the issue of ownership. Property which is titled in the name of an individual partner may nevertheless be partnership property. *Svihl v. Gress*, 216 N.W.2d 110, 115 (N.D.1974). The determination whether property held in the name of an individual partner belongs to the partnership is a question of fact. *Pluth v. Smith*, 205 Cal.App.2d 818, 23 Cal.Rptr. 550, 555 (1962); *Mathews v. Wosek*, 44 Mich.App. 706, 205 N.W.2d 813, 817 (1973). The relevant inquiry is whether the partners intended that the property in question be partnership property or individual property. *Reed v. Crow*, 496 So.2d 15, 17–18 (Ala.1986); *Wise v. Nu–Tone Products Co.*, 148 Colo. 574, 367 P.2d 346, 349 (1961); *Conrad v. Judson*, 465 S.W.2d 819, 828 (Tex.Ct.Civ.App.1971), *cert. denied* 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 582 (1972).

Section 45–05–07, N.D.C.C. [U.P.A. § 8], provides in pertinent part:

"45–05–07. *Partnership property.*—
1. All property originally brought into the partnership stock or subsequently ac-

quired by purchase or otherwise, on account of the partnership, is partnership property.

"2. Unless the contrary intention appears, property acquired with partnership funds is partnership property."

Section 1–02–13, N.D.C.C., provides that any provision in the Century Code "which is a part of a uniform statute must be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." *See also Dakota Bank & Trust Co. v. Grinde*, 422 N.W.2d 813, 818 (N.D.1988). Thus, we look to decisions of other states which have adopted the Uniform Partnership Act for guidance in construing our provisions.

■ The above-quoted provisions of the Uniform Act have consistently been construed to create a presumption that property acquired with partnership funds is partnership property. For example, the Court of Civil Appeals of Texas stated in *Conrad v. Judson, supra*, 465 S.W.2d at 828:

"We think there is a presumption, under the above authorities, and particularly the Texas Uniform Partnership Act, that property purchased with partnership funds is intended to be partnership property; and if one would contend otherwise the burden would be on him or her to offer proof of a different intention and to obtain an affirmative jury finding thereon."

Cases from other jurisdictions which have adopted the Uniform Partnership Act are in accord. *See, e.g., Reed v. Crow, supra*, 496 So.2d at 17–18; *Wise v. Nu–Tone Products Co., supra*, 367 P.2d at 349; *In re Estate of Schaefer*, 72 Wis.2d 600, 241 N.W.2d 607, 609 (1976); *see also* Crane & Bromberg, Law of Partnership § 37 at 207 (1968). The presumption extends beyond purchases with partnership funds to any acquisition of property derived from part-

nership labor, materials, or other assets. *In re Estate of Rider*, 487 Pa. 373, 409 A.2d 397, 400 (1979); Crane & Bromberg, *supra*, § 37 at 208.

■ In this state, a presumption shifts the burden of proof to the party against whom it is directed. Rule 301(a), N.D.R. Evid.; *Victory Park Apartments, Inc. v. Axelson*, 367 N.W.2d 155, 161 n. 4 (N.D. 1985). A review of the record in this case establishes that the presumption should have been applied and the burden of proof shifted to Ben. Ben does not dispute that the vast majority of the patronage credits were derived from partnership business with the cooperatives.[1] Inasmuch as these credits were property acquired or derived through partnership funds, assets, labor, or materials, they are presumed to be partnership property pursuant to Section 45–05–07, N.D.C.C. The burden then shifts to Ben to establish that there was an intention between the partners that the patronage credits earned through partnership business were to be Ben's individual property.

The judgment of the district court is reversed and the matter is remanded for a new trial in accordance with this opinion.

ERICKSTAD, C.J., GIERKE, VANDE WALLE and LEVINE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.

---

1. Ben does assert that some amount of the patronage credits is attributable to business conducted with the cooperatives in his individual capacity. Because it concluded that none of the patronage credits were partnership property, the trial court did not reach this issue. Ben will have the opportunity on remand to again present this issue.