Filed 1/31/06 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2006 ND 11

Danny R. Livinggood, Plaintiff and Appellant

v.

Aaron Balsdon, Defendant and Appellee

No. 20050149

Appeal from the District Court of Cavalier County, Northeast Judicial District, the Honorable Laurie A. Fontaine, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Cameron D. Sillers, Cameron D. Sillers, PC, 908 3rd Street, Langdon, ND 58249-2413, for plaintiff and appellant.

Neil W. Fleming, Fleming, DuBois & Fleming, PLLP, P.O. Box 633, Cavalier, ND 58220-0633, for defendant and appellee.

Livinggood v. Balsdon

No. 20050149

VandeWalle, Chief Justice.

[¶1] 
Danny Livinggood appealed from a district court judgment awarding him damages related to the 2004 crop year plus costs and disbursements but denying him restoration of his leasehold rights and treble damages for forcible exclusion from the property. We affirm in part, reverse in part, and remand.

I

[¶2] Danny Livinggood entered into a 5-year farm lease with Duane Balsdon.  Livinggood farmed the land under the lease for one year and made the lease payment in advance for the next farm year.  Aaron Balsdon then purchased the farmland from Duane Balsdon.  Livinggood argues Aaron Balsdon was aware of the existence of the lease when Balsdon purchased the farmland.  Aaron Balsdon argues he had no knowledge of the lease at the time of the purchase.

[¶3] After he purchased the farmland, Aaron Balsdon declared Livinggood had no rights or access to the farmland.  Livinggood argues Aaron Balsdon entered the land, forcibly evicted Livinggood from the land, and prevented Livinggood from exercising his leasehold rights.  Aaron Balsdon denies that he forcibly evicted Livinggood from the land.  Livinggood argues that when he protested interference with his leasehold rights, Aaron Balsdon tendered him a check purported to be Aaron Balsdon’s estimation of any damages Livinggood might experience.  Livinggood refused the payment and continued to demand his leasehold rights.

[¶4] Livinggood sued Aaron Balsdon to have Balsdon ejected from the premises, to reinstate Livinggood’s leasehold rights for the remainder of the lease term, and for treble damages for forcible exclusion from the property.  The district court found Livinggood held a valid lease to farm the land.  The district court awarded Livinggood one year of damages stating any other damages would be too speculative and too difficult to ascertain.  The district court did not reinstate Livinggood to his leasehold estate nor did the court grant treble damages for forcible exclusion from the property.

II

[¶5] Specific performance is one of the available remedies in cases involving an interest in real estate when it has unique character or if monetary damages are otherwise inadequate compensation for a breach of contract.  
JonMil, Inc. v. McMerty
, 265 N.W.2d 257, 259 (N.D. 1978).

[¶6] “The granting of the remedy of specific performance rests in the sound discretion of the trial court and we will not interfere with that discretion unless we are shown that it was abused.”  
Wolf v. Anderson
, 334 N.W.2d 212, 215 (N.D. 1983).  “The person seeking specific performance has the burden of proving he is entitled to it.”  
Id.
  “A complaint which prays for the equitable remedy of specific performance must clearly show that the legal remedy of damages is inadequate.”  
Tower City Grain Co. v. Richman
, 232 N.W.2d 61, 66 (N.D. 1975).  “A party seeking specific performance of a contract ‘is held to a higher standard than if he merely asks for money damages for breach of the contract.’”  
Linderkamp v. Hoffman
, 1997 ND 64, ¶ 5, 562 N.W.2d 734 (quoting 
Sand v. Red River Nat’l Bank & Trust Co.
, 224 N.W.2d 375, 378 (N.D. 1974)).

[¶7] Livinggood did not meet the higher standard by clearly showing that the legal remedy of damages is inadequate.  The evidence presented by Livinggood was not sufficient to show he was entitled to specific performance and was not sufficient to show there is no adequate remedy at law.  While Livinggood offered some evidence that the land in this case was in the proximity of other land he farmed and that he would have difficulty proving future damages, that evidence fell short of proving monetary damages could not be a sufficient remedy for securing and farming land in another location.  The trial court did not abuse its discretion in failing to award specific performance.

[¶8] In cases where damages are an adequate remedy, they must nevertheless be proved.  
Great Plains Supply Co. v. Mobil Oil Co.
, 172 N.W.2d 241, 250 (N.D. 1969).  However, the fact the amount of damages may be hard to prove does not alone preclude recovery.  
Meyer v. Hansen
, 373 N.W.2d 392 (N.D. 1985).  Rather, where damage obviously has been suffered, but there is no definite evidence available for an exact determination of the amount of damage resulting from a breach of contract, the best evidence which the circumstances will permit is all the law requires.  
Bergquist-Walker Real Estate, Inc. v. William Clairmont, Inc.
, 333 N.W.2d 414, 420 (N.D. 1983).  Thus where it is reasonably certain that substantial damage has resulted, the mere uncertainty as to the exact amount does not preclude recovery.  Yet, damages that are not clearly ascertainable in their nature and origin cannot be recovered.  
Id.
; N.D.C.C. § 32-03-09.

[¶9] Insofar as the trial court’s decision might be read to imply that damages for breach of a farm lease beyond one year are speculative and uncertain as a matter of law, we disagree.  However, on this record, we agree with the trial court that damages are not clearly ascertainable and would be speculative.

[¶10] The district court made no findings on the issue of treble damages under N.D.C.C. § 32-03-29, which Livinggood pled in his amended complaint.  Livinggood argued and presented some evidence on the issue of treble damages.  On appeal Livinggood argues the requirements for treble damages were met by Balsdon’s actions and Balsdon argues his actions did not rise to the level required for treble damages.  In  
Helgeson v. Locken
, 130 N.W.2d 573, 574-75 (N.D. 1964), relied upon by Balsdon, the trial court gave a jury instruction which defined forcibly ejecting or excluding a person from the possession of real property as “force of an unusual kind which tends to bring about a breach of the peace, such as an injury with a strong arm, or a multitude of people, or in a riotous manner, or with personal violence, or with threat or menace to life or limb, or under circumstances which would naturally inspire fear.”  However, as this Court observed, that instruction was the settled law of the case because there was no objection to the instruction.  The instruction does not necessarily reflect the law to be applied in all similar cases.  

[¶11] In 
Wegner v. Lubenow
, 12 N.D. 95, 95 N.W. 442 (1903), this Court held in Syllabus 4:
(footnote: 1)
To authorize a recovery of treble damages for a forcible ejectment from real property, under section 5007, Rev. Codes, it is necessary that the entry shall be forcible, but it is not necessary that the force shall be actually applied.  It is enough if it is present and threatened, and is justly to be feared.

We remand to the district court with directions to consider the issue of treble damages under N.D.C.C. § 32-03-29 and the standard set out in 
Wegner
.  

III

[¶12] The judgment is affirmed in part, reversed in part, and remanded to the district court for further proceedings in accordance with this opinion.

[¶13]
 Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

FOOTNOTES
1:    
Under Section 102 of the North Dakota Constitution then in effect, the Supreme Court was required to prepare a syllabus of the points adjudicated in each case.