# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 166

Jason Ziemann,                                  Plaintiff, Appellee, and Cross-Appellant

v.

Juanita Grosz,                                  Defendant, Appellant, and Cross-Appellee

## No. 20230355

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Bonnie L. Storbakken, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Crothers, Justice.

Nicholas M. Surma (argued) and Robert J. Pathroff (appeared), Bismarck, ND, for plaintiff, appellee, and cross-appellant

Ryan G. Quarne (argued) and Jessica L. Klein (appeared), Minot, ND, for defendant, appellant, and cross-appellee.

**Crothers, Justice.**

[¶1]    Juanita Grosz appeals from a judgment entered after a bench trial. Jason Ziemann cross appeals from a summary judgment dismissal of his claims. We affirm in part holding the district court did not err when it held the parties formed a partnership and Grosz contributed property to the partnership, when it dismissed Grosz's trespass claim, when it dismissed Ziemann's claims for tortious interference with a business relationship and breach of fiduciary duty, and when it awarded Ziemann costs and disbursements as the prevailing party. We reverse in part holding the court erred by not applying the N.D.C.C. § 45-20-07 default partnership winding up provisions. We remand the case for the district court to enter judgment consistent with this decision.

I

[¶2]    Grosz and her husband operated a wrecking and salvage business called Grosz Wrecking. They lived in a home located on the same property as the business. Ziemann, who is Grosz's grandson, became involved in the operation after her husband died. Ziemann moved into the home in 2014, but Grosz continued to own the property. In 2022, Grosz sought to evict Ziemann after he refused to purchase the home. Ziemann then sued Grosz alleging they entered into an oral partnership agreement. Ziemann sought a declaration that a partnership existed and brought claims for accounting and dissolution of the partnership, breach of fiduciary duties, and tortious interference with a business relationship. Grosz filed an answer denying the existence of a partnership and pleaded a counterclaim for trespass.

[¶3]    The parties filed cross-motions for partial summary judgment. The district court denied Ziemann's motion ruling factual issues existed as to whether the parties formed a partnership. The court granted Grosz's motion and dismissed Ziemann's claims for tortious interference with a business relationship and breach of fiduciary duty. The court ruled certain evidence Ziemann relied on was inadmissible hearsay, and he had not identified evidence that could prove he suffered damages as a result of the alleged torts.

[¶4]    The case proceeded to a bench trial. Each party testified along with accountants, real estate valuation experts, and Janell Ziemann, who is Grosz's daughter and Ziemann's mother. The parties presented conflicting evidence concerning their business arrangement.

Grosz testified she agreed to pay Ziemann a commission for selling her wrecking inventory. Ziemann testified Grosz agreed to give him an ownership interest in the business and a share of proceeds from what they sold.

[¶5]    The district court found the parties orally agreed to form a partnership with the following terms:

> "The initial terms included a 75%/25% profit split of all existing inventory which was amended to a 70%/30% split of existing inventory minus the items that were specifically exempted from the agreement by Ms. Grosz. The parties also agreed Mr. Ziemann was to receive 100% of the proceeds of sales from newly acquired inventory. Mr. Ziemann was permitted to reside in the home located on the property owned by Ms. Grosz as a result of the 5% increase of sale proceeds to Ms. Grosz. It was also clear to the Court that Mr. Ziemann was responsible for most of the business expenses associated with the day-to-day business operations of Grosz Wrecking outside of the property taxes and expenses paid by Ms. Grosz."

The court also found Grosz "agreed to give [Ziemann] a 70% ownership stake in Grosz Wrecking." The court ordered an accounting and dissolution of the partnership. The court dismissed Grosz's trespass claim reasoning Ziemann's occupancy of the property was part of the parties' partnership agreement. The court ordered he "will be permitted to continue living on the property until the business is dissolved." The court entered judgment requiring the partnership assets to be liquidated and "any surplus" to be distributed 70% to Ziemann and 30% to Grosz. The court also awarded Ziemann costs in the amount of $8,419.84. Both parties appeal.

II

[¶6]    Grosz asserts a number of the district court's findings concerning the parties' dealings and intent are clearly erroneous, and she argues the court misapplied partnership law. Grosz also argues the court erred when it dismissed her trespass claim and when it awarded Ziemann costs as the prevailing party.

[¶7]    We apply the following standard when reviewing an appeal from a judgment entered after a bench trial:

> "In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review, and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is

2

induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are convinced a mistake has been made. The court's findings are presumptively correct. The district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations."

*Meuchel v. Red Trail Energy, LLC*, 2024 ND 44, ¶ 5, 4 N.W.3d 203 (cleaned up) (quoting *Zavanna, LLC v. GADECO, LLC*, 2023 ND 142, ¶ 5, 994 N.W.2d 133). We also have emphasized:

> "In applying the clearly erroneous standard, we will not reweigh evidence, reassess witness credibility, retry a [ ] case, or substitute our judgment for the trial court's decision merely because this Court may have reached a different result. A choice between two permissible views of the weight of the evidence is not clearly erroneous."

*Kartes v. Kartes*, 2013 ND 106, ¶ 25, 831 N.W.2d 731 (cleaned up) (quoting *Hageman v. Hageman*, 2013 ND 29, ¶ 8, 827 N.W.2d 23).

A

[¶8] Grosz argues the district court erred when it denied summary judgment on the issue of whether a partnership existed. She asserts testimony Ziemann provided at a preliminary injunction hearing establishes any agreement the parties reached would be barred by the statute of frauds because the agreement would not be capable of performance within a year. *See* N.D.C.C. § 9-06-04(1). However, a denial of summary judgment "puts the parties to their proof with a full opportunity to present all of their evidence." *Matter of Knoke,* 2021 ND 240, ¶ 10, 968 N.W.2d 178 (quoting *Kartes*, 2013 ND 106, ¶ 16). "'If a case goes to trial after a motion for summary judgment is denied, the question of whether the trial court erred in denying summary judgment is moot[.]'" *Estate of Vestre*, 2011 ND 144, ¶ 19, 799 N.W.2d 379 (quoting *Olander Contracting Co. v. Gail Wachter Invs.*, 2002 ND 65, ¶ 9, 643 N.W.2d 29). We decline to address the district court's decision denying summary judgment concerning whether a partnership existed because that issue was decided after a full trial on the merits.

B

[¶9] Grosz argues the district court erred when it determined the parties formed a partnership. She asserts Ziemann was an independent contractor who received commission based on sales. She also argues that even if a partnership existed, she did not contribute

inventory to it. Alternatively, if she did contribute inventory, she asserts she is entitled to a credit for her contributions in the winding up process.

[¶10] A partnership is "an association of two or more persons to carry on as co-owners a business for profit[.]" N.D.C.C. § 45-13-01(19). "A partnership is an entity distinct from the partnership's partners." N.D.C.C. § 45-14-01(1). Whether individuals have formed a partnership is governed by N.D.C.C. § 45-14-02, which provides:

> "1. Except as otherwise provided in subsection 2, the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership.
> 2. An association formed under a statute other than chapters 45-13 through 45-21, a predecessor statute, or a comparable statute of another jurisdiction is not a partnership under chapters 45-13 through 45-21.
> 3. In determining whether a partnership is formed, the following rules apply:
>   a. Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not by itself establish a partnership, even if the co-owners share profits made by the use of the property.
>   b. The sharing of gross returns does not by itself establish a partnership, even if the persons sharing them have a joint or common right or interest in property from which the returns are derived.
>   c. A person who receives a share of the profits of a business is presumed to be a partner in the business, unless the profits were received in payment:
>     (1) Of a debt by installments or otherwise;
>     (2) For services as an independent contractor or of wages or other compensation to an employee;
>     (3) Of rent;
>     (4) Of an annuity or other retirement benefit to a beneficiary, representative, or designee of a deceased or retired partner;
>     (5) Of interest or other charge on a loan, even if the amount of payment varies with the profits of the business, including a direct or indirect present or future ownership of the collateral, or rights to income, proceeds, or increase in value derived from the collateral; or

(6)   For the sale of the goodwill of a business or other property by installments or otherwise."

[¶11]   Whether a partnership exists depends on the facts and circumstances of each case, but certain elements are "critical." *Gangl v. Gangl*, 281 N.W.2d 574, 579 (N.D. 1979). "The critical elements of a partnership are (1) an intention to be partners, (2) co-ownership of the business, and (3) a profit motive." *Tarnavsky v. Tarnavsky,* 2003 ND 110, ¶ 7, 666 N.W.2d 444. "The existence of a partnership is a mixed question of law and fact, and the ultimate determination of whether a partnership exists is a question of law." *Id.*

1

[¶12]   Grosz claims evidence proves the parties did not intend to form a partnership. Grosz asserts the parties' dealings establish a "commission style arrangement" where Ziemann was an independent contractor and his share of the profit was commission for sales.

[¶13]   Intent to form a partnership is "[o]ne of the most important tests" to determine whether a partnership exists. *Ziegler v. Dahl,* 2005 ND 10, ¶ 14, 691 N.W.2d 271. "[T]he focus is not on whether individuals subjectively intended to form a partnership, but on whether the individuals intended to jointly carry on a business for profit." *Id.* Intent can be derived from the actions of the parties and does not need to be vocalized or memorialized in writing. *Id.* at ¶ 15. Individuals "may inadvertently create a partnership" despite a subjective intention not to do so. *Id.* at ¶ 14 (quoting Uniform Partnership Act, § 202, cmt. 1 (1997)).

[¶14]   Grosz identifies paperwork indicating a partnership was not formed, including tax returns, documents related to loans, insurance policies, and Ziemann's divorce filings. She also notes the parties did not share a joint bank account. The district court acknowledged the parties "made every effort to not describe themselves as partners in any writing[.]" The court nonetheless found "the parties' actions show the opposite." The court found Grosz intended to operate Grosz Wrecking with Ziemann for a profit hoping he would someday carry on the business. The court's findings have evidentiary support. For example, when asked why she agreed to let Ziemann "be part of the business with you," Grosz testified: "I thought once he owned it, it would materialize into a good business for us and some day he would maybe own it all but it never happened. Not enough hours put in." The court's choice between two permissible views of the weight of the evidence is not clearly erroneous.

5

[¶15] Grosz argues the co-ownership element indicates the parties did not form a partnership. Grosz acknowledges Ziemann exercised control over business operations, but maintains his control was consistent with his role as an independent contractor. Grosz argues she could have instructed Ziemann to not sell "her inventory" but choose not to do so "because she had no reason to at any point prior to Ziemann rejecting the agreement to purchase the house."

[¶16] "If partners are co-owners of a business, they each have the power of ultimate control." *Ziegler*, 2005 ND 10, ¶ 21. "Control is an indispensable component of co-ownership which, when combined with profit sharing, strongly suggests the existence of a partnership." *Gangl*, 281 N.W.2d at 580; *see also Tarnavsky v. Tarnavsky*, 147 F.3d 674, 677-78 (8th Cir. 1998) (stating co-ownership includes the "sharing of profits and losses as well as the power of control in the management of the business."). A partner does not have to actually exercise control "but only needs to have the right to exercise control in the management of the business." *Ziegler*, at ¶ 21.

[¶17] The district court found Ziemann attended auctions, developed a website, created business cards, and with Grosz's consent, held himself out to the community as an owner of Grosz Wrecking. The court also found Ziemann paid the majority of the business's expenses, including insurance, advertising, fuel, electrical, trucking, and maintenance. The court reasoned: "Someone who was merely hired as a salesman would not typically be responsible for dictating the entire business model for the business and making decisions about when, and for how much, to sell." The court found the parties were operating a partnership as co-owners with Ziemann focusing on sales and operations and Grosz focusing on administrative responsibilities. The court determined "they each had control in how the business functioned and operated." The court's findings have evidentiary support and are not clearly erroneous.

3

[¶18] The last element of partnership formation is a profit motive. *Tarnavsky*, 2003 ND 110, ¶ 7. Although Grosz characterizes the parties' dealings as a "commission style arrangement," she does not dispute the district court's finding that the business was operated for a profit. Although the parties provided conflicting accounts of their business arrangement, evidence supports the district court's findings that they intended to jointly

carry on the wrecking business for a profit and shared control of the business while doing so.

[¶19] The district court's findings are based largely on credibility assessments. The court found both parties' testimony lacked credibility on certain issues but determined Ziemann's account of the parties' agreement and dealings was more credible. "'A choice between two permissible views of the weight of the evidence is not clearly erroneous.'" *Kartes*, 2013 ND 106, ¶ 25 (quoting *Hageman*, 2013 ND 29, ¶ 8). Taken together, the court's findings support a legal determination that Grosz and Ziemann formed a partnership. The district court did not err when it held the parties formed a partnership by oral agreement.

C

[¶20] Grosz argues that even if the parties formed a partnership, she did not contribute her salvage inventory to the partnership.

[¶21] Property is partnership property when it is acquired by or transferred to a partnership or when it is acquired by or transferred to an individual in the individual's capacity as a partner. N.D.C.C. § 45-14-04(1)-(2). Property purchased with partnership assets is presumed to belong to the partnership. N.D.C.C. § 45-14-04(3). A presumption also exists that assets acquired by a partner without use of partnership assets and without reference to the partnership or the individual's capacity as a partner are not partnership property. N.D.C.C. § 45-14-04(4). "The determination whether property held in the name of an individual partner belongs to the partnership is a question of fact." *Eckert v. Eckert*, 425 N.W.2d 914, 915 (N.D. 1988). "The relevant inquiry is whether the partners intended that the property in question be partnership property or individual property." *Id.*

[¶22] Grosz argues she acquired the inventory of Grosz Wrecking from her husband's estate in her individual capacity and she did not contribute it to a partnership. In her words, if a partnership existed, "this was a partnership where Grosz did not contribute assets to the partnership beyond the proceeds of any inventory actually sold." The district court found Grosz objected to, but ultimately acquiesced in, Ziemann selling inventory that she now claims was her individual property. The court reasoned that Grosz's acquiescence in Ziemann's exercise of control over the inventory indicated it was partnership property. The court also found that when inventory was sold checks were written to Grosz Wrecking and not Grosz individually. The court's finding that Grosz contributed inventory to be sold in the course of the partnership is supported by the evidence and not clearly erroneous.

7

[¶23]  Grosz argues that even if she contributed inventory to the partnership, the district court erred when it did not allow her a credit in the winding up process for the contributions she made.

[¶24]  Partnership partners are deemed to have an account that is credited with the amount of money and property, net of the amount of any liabilities, they contributed to the partnership. N.D.C.C. § 45-16-01(1)(a). The partners' accounts also must be charged with the partners' share of losses and an amount equal to the property and money, net of the amount of any liabilities, distributed by the partnership to the partner. N.D.C.C. § 45-16-01(1)(b). Under N.D.C.C. § 45-20-07(1), when winding up a partnership, after the partnership's obligations are satisfied, "[a]ny surplus must be applied to pay in cash the net amount distributable to partners in accordance with their right to distributions under subsection 2," which provides:

> "Each partner is entitled to a settlement of all partnership accounts upon winding up the partnership business. In settling accounts among the partners, the profits and losses that result from the liquidation of the partnership assets must be credited and charged to the partner's accounts. The partnership shall make a distribution to a partner in an amount equal to any excess of the credits over the charges in the partner's account. A partner shall contribute to the partnership an amount equal to any excess of the charges over the credits in the partner's account."

N.D.C.C. § 45-20-07(2). These provisions are default rules and do not apply if the partners have agreed otherwise. N.D.C.C. § 45-13-03. Whether partners have agreed to override a statutory default rule is a finding of fact subject to the clearly erroneous standard of review. *See Carlson v. Carlson*, 2011 ND 168, ¶ 15, 802 N.W.2d 436 (affirming a district court's finding that partners agreed there would be no equalization of unequal contributions).

[¶25]  The district court determined Grosz was not entitled to a credit for her contributions holding "Ms. Grosz formed a partnership with Mr. Ziemann and agreed to give him a 70% ownership stake in Grosz Wrecking." However, as previously discussed, the court also found Grosz "intended the existing inventory to be part of her and Mr. Ziemann's partnership." If Grosz intended to contribute her inventory to the partnership, neither she nor Ziemann personally own it. "Property acquired by a partnership is property of the partnership and not of the partners individually." N.D.C.C. § 45-14-03. Ziemann has not identified any evidence the parties discussed or agreed to specific winding up provisions

that differ from the statutory defaults. Absent a contrary agreement, Grosz is entitled to a settlement of her account under N.D.C.C. § 45-20-07. The district court erred when it did not apply the statutory default winding up provisions.

E

[¶26] Grosz argues the district court erred when it determined she did not prove her claim for trespass related to Ziemann's purported refusal to vacate the home at the salvage yard. She claims she revoked her consent for Ziemann to be on the property by serving an eviction notice. However, the district court found Grosz agreed to allow Ziemann to live in the home because he was responsible for the day-to-day wrecking operations. The court also found Grosz's permission for Ziemann to live in the home was a term of the parties' oral partnership agreement. The court's finding is supported by the evidence. Consequently, the court did not err in ordering Ziemann is entitled to live in the home and be present on the property until the winding up process is complete. *See* N.D.C.C. § 45-20-02(1) (stating a partnership continues after dissolution and is terminated when winding up of its business is complete).

F

[¶27] Grosz argues the district court erred when it awarded Ziemann costs and disbursements.

[¶28] Under N.D.C.C. § 28-26-06, the clerk of the district court is required to tax "necessary disbursements" as part of the judgment in favor of the prevailing party. The issue of whether a litigant is a prevailing party is a question of law subject to de novo review. *Harris v. Oasis Petroleum, Inc.*, 2024 ND 85, ¶ 11, 6 N.W.3d 611.

> "The determination of who is a prevailing party is based upon success on the merits, not damages. If opposing litigants each prevail on some issues, there may not be a single prevailing party for whom disbursements may be taxed. A prevailing party is one in whose favor a judgment is rendered, regardless of the amount of damages awarded. Generally, the prevailing party to a suit, for the purpose of determining who is entitled to costs, is the one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue, in other words, the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered."

9

*Id.* (quoting *LAWC Holdings, LLC v. Vincent Watford, L.L.C.*, 2024 ND 16, ¶ 13, 2 N.W.3d 672). While the determination of whether a litigant is a prevailing party is a question of law, the amount of costs and disbursements ordered is left to the discretion of the district court. *See* N.D.C.C. § 28-26-10 (providing "costs may be allowed for or against either party in the discretion of the court"); *see also Davis v. Mercy Medical Ctr.*, 2023 ND 153, ¶ 31, 994 N.W.2d 380 (stating "the question of the amount to be allowed for disbursements and costs is one of fact, subject to an abuse of discretion standard.")

[¶29] Grosz asserts Ziemann is not a prevailing party because she successfully defeated his claims for breach of fiduciary duty and tortious interference with a business relationship. The district court determined Ziemann was the prevailing party because he succeeded in his claim for a declaration a partnership existed. We agree. Whether the parties formed a partnership was the main issue in this case. The question was extensively litigated and each side devoted substantial time presenting evidence on the issue. Grosz also argues the court erred when it did not limit fees for Ziemann's expert accountant witness. Grosz asserts the expert's fees are excessive given the court determined his testimony was not determinative. The court decided Ziemann's request for expert fees was reasonable based on the amount of documentary evidence the expert was required to review and the length of the expert's testimony at trial. After reviewing the record, we are not convinced the amount of costs and disbursements ordered by the court was an abuse of discretion.

### III

[¶30] Ziemann cross appeals arguing the district court erred when it granted Grosz summary judgment dismissing his claims for breach of fiduciary duty and tortious interference with a business relationship.

[¶31] Our summary judgment standard of review is well established:

> "In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record

10

raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record."

*Dahms v. Legacy Plumbing, LLC,* 2024 ND 53, ¶ 4, 5 N.W.3d 531 (quoting *Miller v. Nodak Ins. Co.,* 2023 ND 37, ¶ 12, 987 N.W.2d 369).

A

[¶32]  Ziemann asserts the court erred when it decided evidence he submitted in opposition to Grosz's motion for summary judgment was inadmissible hearsay.

[¶33]  "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *State v. Vickerman,* 2022 ND 184, ¶ 9, 981 N.W.2d 881; *see also* N.D.R.Ev. 801(c). "'Hearsay statements are generally not admissible and will not be considered in deciding a motion for summary judgment unless the statements fall within an exception to the hearsay rule.'" *Markgraf v. Welker,* 2015 ND 303, ¶ 13, 873 N.W.2d 26 (quoting *McColl Farms, LLC v. Pflaum,* 2013 ND 169, ¶ 30, 837 N.W.2d 359). A statement made by and offered against an opposing party is generally not considered hearsay. N.D.R.Ev. 801(d)(2).

[¶34]  Ziemann recorded a conversation he had with a scrap metal buyer and submitted a transcript of it with his response to Grosz's motion for summary judgment. The transcript contains statements purportedly made by the buyer recounting what Grosz allegedly said to the buyer during a different conversation. Ziemann argues Grosz's statements, as recounted by the buyer, are admissible because they are statements of an opposing party. However, when a statement within a statement is at issue, each must be admissible on its own. *See* N.D.R.Ev. 805 (stating multiple layers of hearsay are admissible "if each part of the combined statements conforms with an exception to the rule"). Ziemann has not advanced any rationale for why the scrap metal buyer's statement is not hearsay. The district court did not err when it refused to consider this evidence while ruling on Grosz's motion for summary judgment.

B

[¶35]  Ziemann argues the district court erred when it determined he did not present sufficient evidence to create a genuine issue of material fact as to whether he sustained damages as a result of Grosz's alleged misconduct.

[¶36] "'Summary judgment is appropriate against a party who fails to establish the existence of a factual dispute on an essential element of his claim and on which he will bear the burden of proof at trial.'" *Collette v. Clausen*, 2003 ND 129, ¶ 14, 667 N.W.2d 617 (quoting *Kimball v. Landeis*, 2002 ND 162, ¶ 5, 652 N.W.2d 330). Damages are an essential element of both a claim for breach of fiduciary duty and a claim for tortious interference with a business relationship. *Johnston Law Office, P.C. v. Brakke*, 2018 ND 247, ¶ 11, 919 N.W.2d 733; *Estate of Vendsel*, 2017 ND 71, ¶ 18, 891 N.W.2d 750. "In cases where damages are an adequate remedy, they must nevertheless be proved." *Livinggood v. Balsdon*, 2006 ND 11, ¶ 8, 709 N.W.2d 723. When there is reasonable certainty that substantial damages have occurred, uncertainty as to the exact amount does not preclude recovery. *Id.* "Yet, damages that are not clearly ascertainable in their nature and origin cannot be recovered." *Id.* "Merely stating damages exist is not enough." *Vendsel,* at ¶ 18.

[¶37] Ziemann claims he raised a genuine issue of material fact concerning damages. He relies on a declaration attached to his complaint and testimony at a preliminary injunction hearing, which he argues "corroborated his declaration." Ziemann's statements indicate Grosz communicated with a scrap metal buyer and the buyer subsequently would not return Ziemann's calls. Neither Ziemann's declaration or testimony at the preliminary hearing provide evidence of a specific lost sale or evidence of ascertainable damages. The district court did not err when it held Ziemann failed to meet his burden in response to Grosz's motion for summary judgment.

IV

[¶38] The district court did not err when it held the parties formed a partnership and Grosz contributed property to it, when it dismissed Grosz's trespass claim, when it dismissed Ziemann's claims for tortious interference with a business relationship and breach of fiduciary duty, and when it awarded Ziemann costs and disbursements as the prevailing party. The court erred by not applying the N.D.C.C. § 45-20-07 default partnership winding up provisions. The case is remanded for the district court to enter judgment consistent with this decision.

[¶39] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

12