Ivan **MEYER, Plaintiff and Appellee,**

v.

**CITY OF DICKINSON, a municipal corporation, Defendant and Appellant.**

Civ. No. 11229.

Supreme Court of North Dakota.

Dec. 16, 1986.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff and appellee; argued by James D. Geyer.

Vince H. Ficek & William A. Herauf, Dickinson, for defendant and appellant; argued by Vince H. Ficek.

MESCHKE, Justice.

The City of Dickinson appealed from a summary judgment in favor of Ivan Meyer. We dismiss the appeal.

Alleging that two sections of the Dickinson City Code are unconstitutional, Meyer sued the City of Dickinson for a refund of money paid under protest to the county treasurer for special assessments imposed on certain real property for nonpayment of a bill for installation of a water meter and unpaid water bills incurred by Meyer's vendee under a contract for deed. The City answered the complaint and counterclaimed for $7,436.10 allegedly owing to the City for installation of the water meter and the unpaid water bills.

The Dickinson City Code contains three sections relating to unpaid charges for water service. Section 33–46 authorizes the City to shut off one's water supply for nonpayment of water bills. The first paragraph of § 33–47 provides that owners and occupants of premises are jointly and severally liable for all charges for water service and authorizes the City to recover unpaid charges in a civil action against the owner or occupant or both. The second paragraph of § 33–47 provides that "[u]pon receipt of notice of termination of ownership or occupancy ... [unpaid charges for water service] shall be collectible from the new owner or occupant of the property." Section 33–48 provides that water charges constitute liens on the real property served and that unpaid charges "shall be extended by the county auditor on the tax rolls against such premises."

Meyer moved for summary judgment in his favor on the complaint and the City moved for summary judgment in its favor on the answer and counterclaim. The trial court cryptically observed that "[n]either Section 33–46 nor 33–47, were employed by Dickinson as to the Plaintiff Meyer." The court determined that § 33–48 was not authorized by statute, or, if authorized, was not complied with by the City. The court ordered summary judgment in favor of Meyer for $7,436.10 plus interest, costs, and disbursements, and denied the City's motion for summary judgment on its counterclaim. Judgment was entered in favor of Meyer. The judgment does not address the counterclaim.

The trial court did not address the City's reliance in its counterclaim upon the first paragraph of § 33–47. The court only determined that the City could not and did not create a valid lien on the real property involved. The City does not now assert that it had a valid lien, but requests that we reverse the summary judgment entered and remand for entry of summary judgment in the City's favor.

 "If an order or judgment is not appealable, this court has the duty to dismiss the appeal sua sponte." *Gillan v.*

*Saffell*, 395 N.W.2d 148 (N.D.1986). Because the judgment appealed from leaves the City's counterclaim unresolved and no Rule 54(b), N.D.R.Civ.P., certification has been made, the judgment is not final and is not appealable. *Martinson v. Raugutt*, 346 N.W.2d 289 (N.D.1984). The order denying the City's motion for summary judgment is also not appealable. *Gillan v. Saffell, supra.* "An order denying a motion for summary judgment is merely interlocutory and, leaving the case pending for trial, it decides nothing, except that the parties may proceed with the case." *Rude v. Letnes*, 154 N.W.2d 380, 381 (N.D.1967). The City's unresolved counterclaim remains pending and the City has not appealed from an appealable judgment or order.

The appeal is dismissed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.