1998 ND 217

**Marlene A. DOMRES, Plaintiff and Appellant,**

v.

**Roger W. DOMRES, Defendant and Appellee.**

**Civil No. 980236**

Supreme Court of North Dakota.

Dec. 22, 1998.

Olson Burns Lee, Minot, ND, for plaintiff and appellant; argued by Gary H. Lee.

Wold Johnson, P.C., Fargo, ND, for defendant and appellee; argued by J. Philip Johnson.

Mark J. Butz of Butz & Kraft, Rugby, ND, for defendant and appellee. Submitted on brief.

KAPSNER, Justice.

[¶ 1] Marlene A. Domres appeals from a judgment granting her a divorce from Roger

W. Domres. Roger Domres has moved this court to dismiss the appeal. We hold the appeal is untimely and therefore grant the motion to dismiss.

[¶ 2] Marlene and Roger Domres were married on December 29, 1979. On August 23, 1996, Marlene filed for divorce and a trial was held on July 15 and 17, 1997. The trial court issued its memorandum opinion on August 29, 1997.

[¶ 3] On December 30, 1997, Roger filed proposed findings of fact, conclusions of law, and an order for judgment. The trial court issued its amended findings of fact, conclusions of law, and an order for judgment that same day. Judgment was entered on December 31, 1997.

[¶ 4] On April 13, 1998, Marlene filed a motion to compel Roger "to comply with the Judgment dated December 31, 1997." On May 7, 1998, a hearing was held on the motion. At the conclusion of the hearing, the following exchange occurred between the court and Marlene's trial counsel:

> THE COURT: ... The court is always open to hear these disputes. The time for appeal is past.
>
> MR. PETERSON: No, it hasn't. There hasn't been a Notice of Entry of Judgment filed.
>
> THE COURT: I was looking at the Judgment. Well then, maybe you have to deal with the Supreme Court. But would you file a Notice of Entry, Mr. Peterson?
>
> MR. PETERSON: I will. I am going to.
>
> THE COURT: That should be filed.

[¶ 5] On May 20, 1998, the notice of entry of judgment was served. On July 16, 1998, Marlene filed her notice of appeal "from the Judgment docketed December 31, 1997."

[¶ 6] Roger has moved to dismiss this appeal on the grounds that it was untimely because Marlene had actual knowledge of the entry of judgment more than sixty days previous to filing the notice of appeal. Marlene argues her appeal is in compliance with the "bright line test" established by N.D.R.App.P. 4(a).

[¶ 7] A notice of appeal "must be filed with the clerk of the trial court within 60 days of service of notice of entry of the judgment or order appealed from." N.D.R.App.P. 4(a).[1] *See also Gierke v. Gierke*, 1998 ND 100, ¶ 6, 578 N.W.2d 522. Service of the notice of entry of judgment commences the time for appeal and it is the responsibility of counsel for the prevailing party to serve the notice. *Gierke*, at ¶ 6, 578 N.W.2d 522 (citing *Lang v. Bank of North Dakota*, 377 N.W.2d 575, 578 (N.D.1985)). "Our decisions have permitted a limited exception to that requirement when the appellant has taken some affirmative action as clearly evidenced in the record." *Id.* at ¶ 11, 578 N.W.2d 522 (citations omitted). A party having knowledge of the entry of judgment cannot indefinitely delay the period for filing an appeal based upon failure to serve a notice of entry of judgment.

[¶ 8] In this case, the judgment was entered December 31, 1997, and the notice of entry of judgment was served May 20, 1998. The record, however, clearly reflects Marlene had actual knowledge of the entry of judgment before the notice was served because she filed a motion to compel Roger to comply with the judgment on April 13, 1998.

[¶ 9] This court has held "actual knowledge of entry of a judgment or order commences the running of the time for appeal where the actual knowledge is clearly evidenced in the record." *Lang*, 377 N.W.2d at 578. In *Lang* the appeal was untimely because the time for appeal began to run when Lang had actual knowledge of entry of the order illustrated by his filing an application for writ of mandamus with this court. *Id.*

[¶ 10] "[A]ctual knowledge of entry of the judgment or order requires action evident on the record on the part of the appealing party." *Thorson v. Thorson*, 541 N.W.2d 692, 695 (N.D.1996). In *Thorson* we determined an affidavit of mailing filed by the trial court was insufficient evidence that Mrs. Thorson had actual knowledge of the entry of

---

1. The phrase "the date of the" was deleted from N.D.R.App.P. 4(a) effective March 1, 1998. Because we determine Marlene had actual knowl-edge of the judgment demonstrated on the record on April 13, 1998, we refer to the rule in effect on that date.

the order. *Id.* Requiring action evident on the record ensures the appealing party had knowledge of the judgment even though regular procedures were not followed. *Id. See Morley v. Morley*, 440 N.W.2d 493, 495 (N.D. 1989) (holding the factual predicate for determining the appealing party had actual knowledge was satisfied because Mrs. Morley's stipulation to cancel a hearing was discernible evidence in the record that she had actual knowledge of a custody modification order more than sixty days before her appeal).

[¶ 11] Here, on April 13, 1998, Marlene filed a motion to compel Roger's compliance with the judgment. Her motion alleged Roger had failed to comply with five specific provisions detailed in the judgment. The motion is an affirmative action on the record which manifests her actual knowledge of the judgment. Therefore, the time for filing an appeal from the divorce judgment commenced on April 13, 1998.

[¶ 12] The notice of appeal was filed on July 16, 1998, approximately three months after Marlene's actual knowledge of entry of judgment. The appeal was untimely under N.D.R.App.P. 4(a) because the notice of appeal was not filed within sixty days of actual notice of entry of judgment. We therefore dismiss the appeal.

[¶ 13] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.

