2017 ND 71

In the MATTER OF the ESTATE OF Dale VENDSEL, Deceased

**Bonnie Vendsel, Petitioner and Appellant**

v.

**James Vendsel and Jean Vendsel, as Co–Personal Representatives of the Estate of Dale F. Vendsel, Respondents and Appellees**

In the Trust of Dale F. Vendsel Family Trust

**Bonnie Vendsel, Petitioner and Appellant**

v.

**James Vendsel and Jean Vendsel, Trustees of the Dale F. Vendsel Family Trust, Respondents and Appellees**

No. 20160163, No. 20160164

Supreme Court of North Dakota.

Filed 03/30/2017

Bonnie Vendsel, self-represented, 3922 Balsam Avenue NE, Olympia, WA 98506, petitioner and appellant; submitted on brief.

John S. Steinberger Jr., P.O. Box 566, Kenmare, ND 58746–0566, for respondents and appellees; submitted on brief.

McEvers, Justice.

[¶ 1] Bonnie Vendsel appeals a district court's order dismissing, with prejudice, her "Petition for Order in Settlement of Accounts and Distributions Called for in the Decedent's Will and Request for Supervision From the Court." Because the district court did not err in concluding Bonnie Vendsel failed to establish she is entitled to receive a yearly accounting under the terms of the trust, and in concluding her claims against the estate were without merit, we affirm the district court's order dismissing her petition with prejudice.

I

[¶ 2] Dale Vendsel died in 2002. Jean Vendsel is Dale Vendsel's surviving spouse. James and Bonnie Vendsel are two of their six children. Dale Vendsel's estate was probated in Renville County. His Will created the Family Trust and designated James and Jean Vendsel ("the Vendsels") as co-trustees of the trust, and co-personal representatives of the estate. The Will provided that Jean Vendsel is the sole income beneficiary of the trust during her lifetime. The Will also provided that the trustee could use the principal of the trust as necessary for support and maintenance of Jean Vendsel in the manner to which she is accustomed and as necessary to maintain her good health. Upon her death, the remaining trust assets are to be distributed under the "Disposition of Residue of My Estate" section of Dale Vendsel's Will.

[¶ 3] On March 9, 2004, Bonnie Vendsel filed a petition requesting the district court compel the Vendsels to submit an accounting and plan for distribution for the estate. On March 22, 2004, the Vendsels, as personal representatives, filed an "Accounting Receipts and Expenses" document with the district court. A hearing was scheduled for April 13, 2004. In their response to Bonnie Vendsel's petition, the Vendsels noted they submitted an inventory and proposed distribution for the estate and mailed it to all interested parties. On April 13, 2004, the district court postponed the hearing indefinitely, and indicated the parties were "near reaching an agreement." The terms of any agreement the parties entered into are not part of the record. On April 16, 2004, James and Jean Vendsel filed an "Amended Accounting Receipts and Expenses" with the district court. No further action was taken by either party for over ten years.

[¶ 4] On May 27, 2014, Bonnie Vendsel, acting self-represented, filed in both the estate and the trust cases a "Petition for Order in Settlement of Accounts and Distributions Called for in the Decedent's Will and Request for Supervision From the Court." In 2014, First Western Bank and Trust, the entity administering the trust, provided Bonnie Vendsel a "Summary of Financial Activity." The district court scheduled a hearing for August 13, 2014. This hearing was later cancelled for unknown reasons, but the record reflects the trust case was closed on September 11, 2014.

[¶ 5] On May 8, 2015, Bonnie Vendsel, acting self-represented, again filed in both cases a "Petition for Order in Settlement of Accounts and Distributions Called for in the Decedent's Will and Request for Supervision From the Court." Bonnie Vendsel requested an accounting, supervision of the trust by the district court, and that James Vendsel submit annual trust accountings to the district court. A hearing was scheduled for July 8, 2015. At the hearing, the district court took evidence and heard testimony. On July 8, 2015, the district court issued an order in the trust case noting Bonnie Vendsel's "lack of standing to participate in any issues related to the distribution of the income of the Trust which is all designated for the decedent's surviving spouse Jean Vendsel." The district court concluded "[a]ll of the issues raised in the Petition were either rendered moot or otherwise resolved with no need for any further action." The district court dismissed Bonnie Vendsel's petition under the trust case with prejudice. On December 11, 2015, the district court filed another order dated July 10, 2015, in both the trust and estate cases. The district court dismissed Bonnie Vendsel's petition with prejudice in both cases on the grounds it was without merit or cause. The court specifically found "the provisions of

the Last Will and Testament of Dale Vendsel had been followed in all respects and that no improper activities had occurred nor was there a failure to perform all applicable legal requirements." On June 1, 2016, Bonnie Vendsel appealed, arguing the district court erred by dismissing her petition. Bonnie Vendsel contends she has a right to receive accountings from Dale Vendsel's estate and trust; the Vendsels failed to perform their fiduciary duties; the Vendsels, acting as personal representatives to Dale Vendsel's estate, co-mingled estate assets with their personal assets; the terms of Dale Vendsel's Will were not followed; and, the district court should supervise the management of the trust.

II

[¶ 6] Before we address the merits of Bonnie Vendsel's appeal, we first consider the Vendsels' arguments asserting Bonnie Vendsel's appeal is untimely. The Vendsels argue Bonnie Vendsel's appeal is not timely under N.D.R.App.P. 4. In a civil case, a notice of appeal "must be filed with the clerk of the supreme court within 60 days from service of notice of entry of the judgment or order being appealed." N.D.R.App.P. 4(a)(1). The service of a notice of entry of an order commences the time to appeal, and "it is the responsibility of counsel for the prevailing party to serve the notice." Domres v. Domres, 1998 ND 217, ¶ 7, 587 N.W.2d 146. In the absence of service of a notice of order or judgment, actual knowledge evidenced on the record by action on the part of the appealing party commences the time for filing the notice of appeal. See Estate of Thorson v. Thorson, 541 N.W.2d 692, 694 (N.D. 1996).

[¶ 7] The Vendsels served Bonnie Vendsel with notice of an order dismissing the petitioner in the trust case on July 10, 2015. However, the district court entered a

subsequent order in both the trust and the estate case on December 11, 2015. The Vendsels never served Bonnie Vendsel with a notice of entry of the second order. There is nothing in the record showing action by Bonnie Vendsel that would prove she had notice of this subsequent order. Therefore, under N.D.R.App.P. 4(a)(1), the sixty-day time limit for Bonnie Vendsel to file for an appeal did not begin to run on the order. Bonnie Vendsel's appeal was timely as it pertains to the matters disposed of in the order filed on December 11, 2015.

### III

[¶ 8] Bonnie Vendsel argues the district court erred by denying her request for a yearly accounting and to supervise the trust. The Vendsels argue Bonnie Vendsel lacks standing to request a trust accounting.

[¶ 9] The district court concluded Bonnie Vendsel failed to adequately articulate why she has standing to demand the trustees must provide her with a yearly accounting. At the July 2015 hearing, Bonnie Vendsel argued "I thought I would be receiving an accounting. And my family and the—told me that they would be following what we agreed upon and I would receive—receiving a yearly accounting. And I did not." While an order filed April 13, 2004, postponed a hearing indefinitely because the parties stipulated they were "near reaching an agreement," neither party submitted the terms of the agreement in the record. Bonnie Vendsel argued "[b]y law, as a beneficiary, I'm supposed to receive an accounting." In a discussion with the district court, Bonnie Vendsel stated on the record:

> MS. B. VENDSEL: And by law—by law there should be accounting yearly.
>
> THE COURT: What law?
>
> MS. B. VENDSEL: Just minimal.

THE COURT: What—

MS. B. VENDSEL: By law for—of the trust fund.

THE COURT: What statute are you referring to? I mean, saying "should be" is one thing; to say that there is the requirement is quite another. I've read the Will and there's nothing in the Will requiring accountings.

MS. B. VENDSEL: Well, Your Honor, I'm representing myself and I'm doing the best I can.

THE COURT: I understand that.

MS. B. VENDSEL: So—

THE COURT: I understand. I'm just trying to tell you—

MS. B. VENDSEL: Yeah

THE COURT: —that the Will is the controlling document here.

MS. B. VENDSEL: Mn-hmm.

THE COURT: And the Will established your brother—the duties and the position of your brother is established by the Will. You—I can appreciate your position you don't like that, but that's what your father wanted was to set it up that way.

The district court concluded Bonnie Vendsel lacked standing to demand an annual accounting, stating Jean Vendsel was entitled to receive yearly accountings as the sole beneficiary of the trust while she is alive.

[¶ 10] Even assuming Bonnie Vendsel has standing, she failed to provide any legal support to her claim that the Vendsels are required "by law" to provide her with a yearly accounting. On this record, the district court did not err in concluding that Bonnie Vendsel failed to establish any legal authority to mount a successful challenge the administration of the trust. We affirm the district court's decision that Bonnie Vendsel is not entitled to a yearly

accounting or supervision by the court in the trust case and, therefore, we decline to consider any further issues raised on appeal pertaining to the trust.

## IV

[¶ 11] Bonnie Vendsel also petitioned for an estate accounting and argued the Vendsels, as personal representatives of Dale Vendsel's estate, breached their fiduciary duties and created a "conflict of interest" by co-mingling estate assets with their own. The Vendsels argue Bonnie Vendsel already received an inventory and accounting of Dale Vendsel's estate and trust.

[¶ 12] The standard of review for a personal representative's breach of a fiduciary duty is well established:

> Whether a personal representative breached a fiduciary duty is a question of fact. A trial court's finding of fact will not be set aside unless it is clearly erroneous. A finding of fact is clearly erroneous if the finding is induced by an erroneous view of the law, if there is no evidence to support the finding, or if, after reviewing all evidence, we are left with a definite and firm conviction a mistake has been made. On appeal, a trial court's findings of fact are presumed to be correct and the complaining party bears the burden of showing a finding is clearly erroneous.

Estate of Gleeson, 2002 ND 211, ¶ 17, 655 N.W.2d 69 (citations omitted). A personal representative is required by statute to keep adequate records. N.D.C.C. § 30.1–18–03(1); N.D.C.C. § 59–16–10(1).

## A

[¶ 13] The Vendsels provided Bonnie Vendsel with an inventory, proposed distributions, an accounting, and an amended accounting in 2003 and 2004. There is no statutory requirement to issue a final accounting until the estate is closed.

See N.D.C.C. § 30.1–21–03. Dale Vendsel's estate has not yet been closed. Therefore, the district court did not err in denying Bonnie Vendsel's petition requesting a final accounting.

## B

[¶ 14] Bonnie Vendsel argues the Vendsels have fiduciary duties "to be honest and fair regarding any activity on this estate and trust fund of Dale F. Vendsel, deceased." While we agree the Vendsels owe Bonnie Vendsel fiduciary duties, she fails to specify which fiduciary duties the Vendsels breached. Bonnie Vendsel broadly claims the Vendsels "have not perform[ed] their fiduciary [sic] duties." "A personal representative is a fiduciary who must observe the standards of care applicable to trustees." Matter of Estate of Thomas, 532 N.W.2d 676, 686 (N.D. 1995) (citing N.D.C.C. § 30.1–18–03(1); Estate of Ridl, 455 N.W.2d 188, 192 (N.D. 1990)). "A claim for breach of fiduciary duty is a tort claim." Olson v. Alerus Financial Corp., 2015 ND 209, ¶ 22, 868 N.W.2d 851. In order to establish a breach of a fiduciary duty, the plaintiff must prove: "1. A fiduciary relationship between the plaintiff and defendant. 2. A duty by the defendant to the plaintiffs arising from that relationship. 3. The defendant['s] breach of that duty. 4. Damage to the plaintiffs proximately caused by that breach of duty." Estate of Murphy v. Maus, 2001 ND 87, ¶ 14, 626 N.W.2d 281.

[¶ 15] Viewed generously, Bonnie Vendsel's argument on co-mingling of assets could be a breach of fiduciary duty. Bonnie Vendsel has pointed to no authority for her argument that co-mingling of estate assets with a personal representative's personal assets, alone, is prohibited. While it may be good practice for a personal representative to open a separate account for the estate, this Court has

found no statutory requirement to do so. In addition, Bonnie Vendsel has not shown any damage as a result of the Vendsels not opening a separate estate account.

[¶ 16] Bonnie Vendsel also claims James Vendsel breached his fiduciary duties by failing to properly exercise an option contract under Dale Vendsel's Will. We agree the Vendsels owe Bonnie Vendsel fiduciary duties as personal representatives because she is a beneficiary under Dale Vendsel's Will.

[¶ 17] At the July 2015 hearing, the district court stated "in terms of your petition, you questioned the option to purchase, and that is, obviously, a matter that has been resolved some—quite some time ago. So that would not be a matter for discussion—any further discussion at this time. That's been addressed." It appears the district court determined the issue regarding the option contract had previously been resolved. Because the record reflects Bonnie Vendsel was provided notice of the sale of land in July of 2004, and Bonnie Vendsel had petitioned the district court for accountings on the trust and the estate in 2004 and 2014, and the hearings on those petitions were cancelled in anticipation of settlement, the district court's position is understandable.

[¶ 18] Assuming without deciding that Bonnie Vendsel did not waive this issue below, her claim would still fail. Damages are an essential element for a breach of fiduciary duties claim. See Estate of Murphy, 2001 ND 87, ¶ 14, 626 N.W.2d 281 (listing the elements a plaintiff must show to establish a breach of fiduciary duty). Merely stating damages exist is not enough. See Livinggood v. Balsdon, 2006 ND 11, ¶ 8, 709 N.W.2d 723 (when damages are an adequate remedy, they must be proved unless the damages are too difficult to prove). Bonnie Vendsel argued below she suffered "financial loss" as a result of the Vendsels' actions because she did not agree to the fair market value for the farmland. She argues the mediation process provided for in Dale Vendsel's Will was not followed. Even if this is true, the record reflects two independent appraisals were used in determining fair market value for the land. Bonnie Vendsel has failed to show how she suffered damages from any actions by the Vendsels. Therefore, even assuming Bonnie Vendsel could show the Vendsels breached a fiduciary duty, she has failed to show how that breach resulted in any damage to her. See Livinggood, 2006 ND 11, ¶ 8, 709 N.W.2d 723. Bonnie Vendsel's remaining arguments either pertain to the administration of the trust or are completely without merit.

V

[¶ 19] Because the district court did not err in concluding Bonnie Vendsel failed to establish she is entitled to receive a yearly accounting under the terms of the trust, and in concluding her claims against the estate were without merit, we affirm the district court's order dismissing her petition with prejudice.

[¶ 20] Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom, S.J.

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

[¶ 21] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.