# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 78

| | |
|---|---|
| Steven Mark Orwig, | Plaintiff and Appellee |
| v. | |
| Mary Caroline Orwig, | Defendant and Appellant |

No. 20170454

| | |
|---|---|
| Orwig's Livestock Supplements, Inc., Orwig's Tubs International Inc., and MVP Transport, Inc., | Plaintiffs and Appellees |
| v. | |
| Mary C. "Marcy" Orwig, | Defendant, Third-Party Plaintiff, and Appellant |
| v. | |
| Steven Orwig, | Third-Party Defendant, and Appellee |

No. 20170455

Appeal from the District Court of Dickey County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

DISMISSED IN PART, AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by McEvers, Justice.

Gregory W. Liebl (argued) and Lee M. Grossman (on brief), Fargo, ND, for plaintiff, appellee, and third-party defendant Steven Mark Orwig.

Ashley K. Champ (argued) and Michael T. Andrews (appeared) , Fargo, ND, for plaintiffs and appellees Orwig Livestock Supplements, Inc., Orwig's Tubs International Inc., and MVP Transport, Inc.

Jonathan T. Garaas, Fargo, ND, for defendant, appellant, and third-party plaintiff.

**McEvers, Justice.**

[¶1]    Mary Orwig appeals from three district court orders finding her in contempt of court and from an order denying her motion to vacate the contempt orders.  We conclude Mary Orwig failed to timely appeal two of the contempt orders, and we dismiss her appeal of those orders.  We reverse and remand the remaining contempt order.  We affirm the order denying the motion to vacate.

I

[¶2]    In September 2016, Steven Orwig sued Mary Orwig for divorce.  The Orwigs co-own Orwig's Livestock Supplements, Inc.; Orwigs Tubs International, Inc.; and MVP Transport, Inc. ("Corporations").  Before the divorce lawsuit, the Corporations sued Mary Orwig, alleging she made unauthorized transactions on the Corporations' behalf, including opening credit card accounts in the Corporations' names and using them for personal use.  The Corporations also alleged Mary Orwig wrongfully detained and controlled their property.  The Corporations requested the district court to enjoin Mary Orwig from transacting business on behalf of the Corporations and to remove her as an officer and director of the Corporations.

[¶3]    The district court consolidated both lawsuits and granted a preliminary injunction against Mary Orwig in October 2016, prohibiting her from transacting business on behalf of the Corporations and taking other actions adverse to the Corporations.  In December 2016, the court ordered her to return corporate property in her possession.

[¶4]    In February 2017, the Corporations moved for contempt against Mary Orwig, alleging she violated the preliminary injunction and order to return corporate property and continued taking actions adverse to the Corporations.  In May 2017, Steven Orwig moved for an order to sell the parties' Arizona real property, claiming its sale

would resolve the parties' financial problems. Mary Orwig opposed the sale, claiming that since 2014 she spent a majority of her time residing on the property.

[¶5] After a June 2017 hearing on the parties' motions, the district court issued a July 31, 2017, order finding Mary Orwig in contempt of the December 2016 order to return corporate property. The court ordered her to return certain corporate property, including credit card and tax information. The court also ordered the sale of Steven and Mary Orwig's Arizona property.

[¶6] At a September 28, 2017, hearing, the district court found Mary Orwig in contempt for impeding the sale of the Arizona property. The October 9, 2017, order required Mary Orwig to allow the parties' realtor on the property within two weeks. The order also stated another hearing would be scheduled within three weeks to address Mary Orwig's compliance with the court's earlier orders.

[¶7] The district court found Mary Orwig in contempt of the October 9, 2017, order at a October 19, 2017, hearing. Steven Orwig's attorney informed the court Mary Orwig continued to deny access to the Arizona realtor. The court issued its contempt order on November 13, 2017. The order required Mary Orwig to pay the other parties' attorney's fees and stated Mary Orwig "shall be imprisoned for a period of six (6) months, or until compliance with the aforementioned Order is achieved, whichever is shorter."

[¶8] Mary Orwig moved to vacate the July 31, October 9, and November 13, 2017 contempt orders, arguing the district court violated her due process rights and did not have jurisdiction to order the sale of the Arizona property. The court denied her motion. On December 20, 2017, Mary Orwig filed a notice of appeal challenging the July 31, October 9, and November 13, 2017 contempt orders, and the order denying the motion to vacate.

II

[¶9] The Corporations argue Mary Orwig's appeal of the July 31 and October 9, 2017, contempt orders are untimely and should be dismissed.

2

[¶10] "Before we consider the merits of an appeal, we must have jurisdiction." *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 6, 855 N.W.2d 608. "The time limit for filing a notice of appeal is jurisdictional, and we dismiss an appeal if we conclude we do not have jurisdiction." *Id.* Under N.D.R.App.P. 4(c), a party appealing a contempt order must file a notice of appeal with the clerk of the supreme court within 60 days after entry of the judgment or order being appealed. "An order or judgment finding a person guilty of contempt is a final order or judgment for purposes of appeal." N.D.C.C. § 27-10-01.3(3).

[¶11] Mary Orwig filed her notice of appeal from the July 31 and October 9, 2017, orders on December 20, 2017. Mary Orwig's appeal of the orders was not filed within 60 days of entry of the orders. We conclude we do not have jurisdiction and we dismiss Orwig's appeal of the July 31 and October 9, 2017, orders.


III

[¶12] Mary Orwig argues the November 13, 2017, order finding her in contempt was issued without due process of law and without adequate warning to her. She also claims the district court imposed punitive sanctions against her.

[¶13] Contempt includes the "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer, including a referee or magistrate." N.D.C.C. § 27-10-01.1(1)(c). A district court has broad discretion in making contempt determinations, and its decision will not be overturned unless the court abused its discretion. *Rath v. Rath*, 2017 ND 138, ¶ 19, 895 N.W.2d 315. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its determination is not the product of a rational mental process leading to a reasoned decision. *Id.*

[¶14] The district court's July 31, 2017, order required Steven and Mary Orwig to sell their Arizona property. At a September 28, 2017, scheduling conference the court addressed the sale of the Arizona property. Mary Orwig's attorney informed the court Mary Orwig was prohibiting the parties' realtor from accessing the property. Mary

3

Orwig appeared at the hearing and stated she did not want to sell the property. The court found her in contempt for failing to comply with the July 31 order. The October 9, 2017, order states:

> That Defendant, Mary Orwig, is in contempt and be ordered to follow the terms of the July 31, 2017, Order Granting Plaintiff's Motion for Contempt and Plaintiff's Motion for Ex Parte Interim Order, specifically Paragraph 4 regarding the Arizona Property. Defendant shall allow the parties' realtor, Kim Williamson, on the property within two weeks of the signing of this Order. Ms. Williamson shall be accompanied by a Maricopa County Sheriff, if she so chooses, while taking photos, measurements, gathering information, etc. to get the property ready for sale and to effectuate the sale of the property. Defendant shall not in any way prevent Ms. Williamson from preparing the listing.

The order also stated the parties "will participate in a telephonic status conference within three weeks to consider further sanctions for Ms. Orwig, including default and/or jail time, if she has not complied with the July 31, 2017 Order."

[¶15] The district court held a hearing on October 19, 2017, to address Mary Orwig's compliance with the July 31 and October 9 orders. Notice of the hearing was mailed to Mary Orwig; however, she did not participate in the hearing and was not represented by an attorney. Steven Orwig's attorney informed the court Mary Orwig continued to deny the Arizona realtor access to the property. The November 13, 2017, order found Mary Orwig in contempt of the October 9 order for failing to allow the parties' realtor on the Arizona property. The order stated Mary Orwig "shall be imprisoned for a period of six (6) months, or until compliance with the aforementioned Order is achieved, whichever is shorter." The Corporations and Steven Orwig were also awarded attorney's fees.

[¶16] The October 9, 2017, order required Mary Orwig to allow the parties' realtor on the Arizona property within two weeks of the signing of the order. The hearing following the order occurred on October 19, ten days after the order, and Mary Orwig did not appear. Additionally, although Steven Orwig's attorney stated Mary Orwig failed to comply with the earlier orders, no evidence of her compliance or noncompliance was presented. *See Mehl v. Mehl*, 545 N.W.2d 777, 780 (N.D. 1996)

4

(statements of counsel are not evidence). Because no competent evidence was presented at the hearing and Mary Orwig was not given two weeks to comply as allowed under the October 9 order, we conclude the court abused its discretion in finding Mary Orwig in contempt and ordering sanctions.

[¶17] We reverse the November 13, 2017 order finding Mary Orwig in contempt and sanctioning her for failing to abide by the October 9 order, and remand to the district court to address Mary Orwig's compliance with the October 9 order relating to the sale of the Arizona property.

IV

[¶18] Mary Orwig argues the district court erred in denying her motion to vacate the contempt orders. She claims the court should have vacated the orders because they were issued without due process of law.

[¶19] Although Mary Orwig brought her motion to vacate under N.D.R.Ct. 3.2, she failed to identify in her motion any other rules or statutes under which she was seeking relief. Generally, a request for relief from a final judgment or order is brought under N.D.R.Civ. P. 60(b). Because she claims the contempt orders against her are void, we will treat the motion to vacate as a motion for relief under N.D.R.Civ.P. 60(b)(4).

[¶20] Mary Orwig's motion to vacate and her appeal of the denial therefrom appear to be an attempt to appeal the July 31 and October 9, 2017, contempt orders. Her arguments relating to due process could have and should have been raised on direct appeal of those orders. Mary Orwig "cannot bootstrap those arguments for orders from which she did not timely appeal." *Kautzman v. Doll*, 2018 ND 23, ¶ 15, 905 N.W.2d 744.

[¶21] A review of the record shows the district court did not deny Mary Orwig due process in its issuance of the July 31 and October 9, 2017, contempt orders. She had notice of and appeared at the hearings preceding the orders and was represented by counsel at those hearings.

[¶22]  Because of our decision with respect to Mary Orwig's appeal of the November 13, 2017, order, we need not further address her appeal of the denial of her motion to vacate as it relates to the November 13 order.  We affirm the district court's order denying Mary Orwig's motion to vacate.

V

[¶23]  We conclude Mary Orwig's remaining arguments are either without merit or unnecessary to our decision.  Mary Orwig's appeal of the July 31 and October 9, 2017, orders is dismissed.  The November 13, 2017, order is reversed and remanded.  The order denying the motion to vacate is affirmed.

[¶24]  Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Carol Ronning Kapsner, S.J.
Gerald W. VandeWalle, C.J.

[¶25]  The Honorable Carol Ronning Kapsner, S.J., sitting in place of Crothers, J., disqualified.