# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 139

Alonna Knorr f/k/a Alonna Knorr Norberg,          Plaintiff and Appellant

  v.

Jon David Norberg,                                Defendant and Appellee

    and

State of North Dakota,                    Statutory Real Party in Interest

## No. 20220064

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

REMANDED.

Opinion of the Court by VandeWalle, Justice, in which Justice Tufte and District Judge Agotness joined. Justice Crothers filed an opinion concurring specially, in which Chief Justice Jensen and Justice Tufte joined.

Charles A. Stock, Crookston, MN, for plaintiff and appellant; submitted on brief.

Jon D. Norberg, self-represented, Maple Grove, MN, defendant and appellee; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Alonna Knorr, formerly known as Alonna Knorr Norberg, appealed from a money judgment entered in favor of Jon Norberg for Knorr's share of unpaid expenses assigned to her under the divorce judgment. Knorr argues the district court erred by denying her motion to dismiss or vacate the order granting Norberg's motion to amend the judgment because the parties had a global settlement agreement that resolved the issues in this case. We conclude the district court did not adequately explain its decision. We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand to the district court for further proceedings consistent with this opinion.

I

[¶2]   Knorr and Norberg were divorced in 2013. The parties' assets and debts were divided, and Knorr was ordered to pay certain debts in the divorce judgment.

[¶3]   In July 2021, Norberg moved to amend the judgment, requesting an order allowing him to relocate to Minnesota with the parties' children and a money judgment against Knorr for unpaid expenses assigned to her under the divorce judgment. Knorr did not respond to the motion. In August 2021, the district court granted the motion.

[¶4]   In September 2021, Knorr moved to dismiss, vacate, or set aside the order granting Norberg's motion to amend the judgment. She argued the parties entered into a global settlement agreement resolving all existing legal matters between the parties. She filed a copy of the settlement agreement as an exhibit to her motion. The district court denied her motion without explanation.

[¶5]   In October 2021, Knorr renewed her motion to dismiss, vacate, or set aside the order, again arguing the motion was supported by the settlement agreement. Norberg opposed the motion. The district court denied Knorr's

1

motion, explaining that Knorr did not respond to Norberg's motion. A judgment was entered.

## II

[¶6]   Knorr argues the district court erred by denying her motion to dismiss or vacate the order granting Norberg's motion to amend the judgment. She contends the parties entered into a global settlement agreement resolving all pending legal matters, including Norberg's motion to amend the judgment.

[¶7]   Knorr failed to identify the rule under which she was seeking relief in her motion. Because she requested the district court dismiss or vacate the order, her motion will be treated as a motion for relief from a judgment or order under N.D.R.Civ.P. 60(b). *See Orwig v. Orwig*, 2019 ND 78, ¶ 19, 924 N.W.2d 421 (holding a motion to vacate would be treated as a motion for relief under N.D.R.Civ.P. 60(b)). The district court's decision on a Rule 60(b) motion is reviewed under the abuse of discretion standard. *Davis v. Davis,* 2021 ND 24, ¶ 5, 955 N.W.2d 117. A court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination, or it is misinterprets or misapplies the law. *Id.*

[¶8]   On appeal, Knorr argues she is entitled to relief under N.D.R.Civ.P. 60(b)(5) or (6). Under N.D.R.Civ.P. 60(b), the district court may relieve a party from a judgment or order if: "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

[¶9]   This Court has said it encourages parties to reach "peaceful settlements of disputes in divorce matters because there is strong public policy favoring prompt and peaceful resolution of divorce disputes." *Sims v. Sims*, 2020 ND 110, ¶ 31, 943 N.W.2d 804 (quoting *Vann v. Vann*, 2009 ND 118, ¶ 12, 767 N.W.2d 855). "Even while controversies are in litigation there is nothing to prevent parties from making a compromise settlement. The law discourages litigation and encourages settlement." *In re Bradley K. Brakke Trust dated*

2

*November 11, 2013*, 2017 ND 34, ¶ 28, 890 N.W.2d 549 (quoting *Muhlhauser v. Becker*, 37 N.W.2d 352, 362 (N.D. 1948)).

[¶10] Knorr alleged the parties entered into a global settlement agreement on August 9, 2021, while Norberg's motion to amend the judgment was pending. She claimed the settlement agreement was intended to resolve all litigation between the parties, including Norberg's motion in this case. She filed a copy of the settlement agreement in support of her motion. The agreement states:

> It is the intention of the Parties that the terms of this Agreement are to be a global settlement of any and all sums of money due and owing from Knorr to Norberg, or that which may become due and owing to Norberg pursuant to the currently pending lawsuit, including, but not necessarily limited to, . . . the payment of specific debts which Knorr was required to make payment on pursuant to the terms of the Divorce Decree, but for which Norberg has paid in full, which include, but are not necessarily limited to, certain Wells Fargo and other debts paid by Norberg as outlined in a June 17, 2016 Affidavit of Norberg filed with the Family Law Court and as stated in Norberg's July 29, 2021 filings in Family Law Court (North Dakota District Court Case # 09-2011-DM-00748). Additionally, this settlement precludes the collection by Norberg from Knorr for any and all medical, dental, or activity charges/debts related to the Parties' children from the time of the Divorce Decree through the date of this Settlement Agreement.

The agreement states it is meant to cover and eliminate all debt Knorr owes to Norberg. The agreement also states:

> Norberg agrees to dismiss with prejudice, withdraw, or discontinue any and all garnishment, collection, or other currently existing legal actions/motions pending against Knorr, wherever they may be filed or docketed except as otherwise outlined in the terms of this Agreement. In the event Norberg fails to do this on his own accord, this Settlement Agreement (fully executed) can and shall be used by Knorr, and accepted by all courts, to do so, and hereby serves as a dismissal with prejudice of all such garnishment, collection other currently existing actions/motions.

The parties' settlement agreement specifically addresses this case.

3

[¶11] The district court's order denying Knorr's first motion to dismiss or vacate did not provide any explanation for the court's decision. The court wrote "MOTION DENIED" on the top of Knorr's motion and signed and dated it. The court also denied Knorr's renewed motion to dismiss or vacate. In that order the court explained it was denying Knorr's motion because she failed to respond to Norberg's motion to amend the judgment.

[¶12] The district court provided very little explanation of the rationale for its decision and it did not acknowledge the parties' settlement agreement or explain why the agreement does not apply. Because the court did not make any reference to the settlement agreement in its decision, it is not clear that the court read the parties' agreement.

[¶13] We conclude we are unable to properly review the district court's decision because the court did not provide an adequate explanation of the legal basis for the decision. *See In re Estate of Nelson*, 2015 ND 122, ¶¶ 11-13, 863 N.W.2d 521 (stating the district court must adequately explain the legal basis for its decision to allow this Court to understand the decision and properly perform our appellate function). We remand for the court to consider the settlement agreement and for an explanation of the basis for its decision.

III

[¶14] We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand to the district court for the court to consider the settlement agreement and explain the basis for its decision. *See In re T.A.G.*, 2019 ND 115, ¶ 10, 926 N.W.2d 702 (remanding the case and retaining jurisdiction under N.D.R.App.P. 35(a)(3) when the findings were insufficient to permit appellate review).

[¶15] Gerald W. VandeWalle
        Jerod E. Tufte
        Kari M. Agotness, D.J.

[¶16] The Honorable Kari Agotness, D.J., sitting in place of McEvers, J., disqualified.

4

**Crothers, Justice, specially concurring.**

[¶17] I concur in the result and write separately to clarify my agreement that Knorr's first motion "to dismiss/vacate/set aside" is reviewable, and to explain why this case is not the procedural outlier that it might otherwise appear to be.

## Procedural History

[¶18] The chronology of events leading up to this appeal are important. Norberg filed an "Expedited Motion to Alter or Amend the Judgment" on July 29, 2021. Norberg's motion stated it was to amend the judgment, but for the most part was for recovery of money by Norberg from Knorr due under the divorce judgment. Norberg's motion requested the following relief:

> Plaintiff moves this Court for its Order to alter or amend its "Memorandum Opinion, Findings of Fact, and Order" dated September 21, 2016, under N.D.R.Civ.P. 59(j), and consistent with the following requests for relief:
>
> 1. Amending the parties' divorce Judgment to allow Defendant and the parties' minor children to relocate to the Maple Grove, MN pursuant to N.D.C.C. § 14-09-07;
>
> 2. An Order for contempt pursuant to N.D.C.C. ch. 27-10 for Alonna's multiple failures to comply with the divorce Judgment;
>
> 3. For a money judgment against Alonna for $303,387.29 for her share of unpaid expenses assigned to her under the divorce Judgment.
>
> 4. An Order compelling Alonna to turn over I.R.N.'s 529 College Savings Plan, $4,098.00 worth of Savings Bonds, and jewelry valued at $11,000.00, assigned to Jon under the divorce Judgment.
> 5. An Order compelling Alonna to pay her share of unreimbursed medical, dental, and vision costs under the divorce Judgment.

5

6. An Order compelling Alonna to pay her share of the children's extracurricular activity costs under the divorce Judgment.

[¶19] Knorr did not respond, and the district court granted Norberg's motion on August 27, 2021, without further explanation. The record does not show either party served notice of entry of the court's August 27, 2021 order.

[¶20] On September 28, 2021, Knorr moved "to dismiss/vacate/set aside order granting motion to amend judgment." Knorr did not file a brief in support of the motion, but provided the district court with a "settlement agreement and mutual release" dated August 9, 2021. The court denied the motion without explanation on the same day it was filed. The record does not show either party served notice of entry after the court denied this motion.

[¶21] On October 28, 2021, Knorr filed a "renewed motion to dismiss/vacate/set aside order granting motion to amend judgment." The content of the "renewed" motion was identical to the first motion for relief from judgment except for the word "renewed" in the title and cross referenced the settlement agreement attached to the first motion. On December 28, 2021, the district court denied the motion for reconsideration. On December 30, 2021, the clerk of court entered Norberg's proposed judgment, which provides:

> Pursuant to the Order for Judgment of this Court dated August 27, 2021, it is ORDERED AND ADJUDGED, Defendant Jon David Norberg is entitled to a Money Judgment against the Plaintiff Alonna Knorr in the amount of $303,387.29 for her share of unpaid expenses assigned for her under the divorce judgment.

The record does not show either party ever served a notice of entry of the December 28, 2021 order or the December 30, 2021 "judgment." Knorr filed her notice of appeal on February 25, 2022, which appears in the register of actions as March 4, 2022.

## Timeliness of Knorr's Appeal

[¶22] "The right to appeal is jurisdictional, and we consider appealability of a judgment on our own initiative even when neither party has questioned

6

appealability." *Kouba v. Febco, Inc.,* 1998 ND 171, ¶ 7, 583 N.W.2d 810. When an order or judgment is not appealable, this Court will dismiss the appeal sua sponte. *See Meyer v. City of Dickinson,* 397 N.W.2d 460, 461 (N.D. 1986). Because of the multiple motions and orders, this case requires inquiry into the first underlying question whether a timely notice of appeal invoked the jurisdiction of this Court. Our law in this area is well established:

> In a civil case, a notice of appeal "must be filed with the clerk of the supreme court within 60 days from service of notice of entry of the judgment or order being appealed." N.D.R.App.P. 4(a)(1). The service of a notice of entry of an order commences the time to appeal, and "it is the responsibility of counsel for the prevailing party to serve the notice." *Domres v. Domres*, 1998 ND 217, ¶ 7, 587 N.W.2d 146. In the absence of service of a notice of order or judgment, actual knowledge evidenced on the record by action on the part of the appealing party commences the time for filing the notice of appeal. *See Estate of Thorson v. Thorson,* 541 N.W.2d 692, 694 (N.D. 1996).

*In re Estate of Vendsel,* 2017 ND 71, ¶ 6, 891 N.W.2d 750. Moreover, the labels of motions or titles of documents used by the parties or the district court do not bind us. *See In re N.C.C.,* 2000 ND 129, ¶ 11, 612 N.W.2d 561 ("We are not bound by the district court's or a party's label, and may look to the substance of the motion to determine its proper classification. 'Improper labels are not binding on appeal.'")

[¶23] Knorr did not file a notice of appeal within 60 days of any order, but did appeal within 60 days of the judgment. The appeal in this case was timely for reasons that are unusual.

[¶24] The district court's August 27, 2021 order likely was final and immediately appealable absent an exception that tolled the time for appeal. We recently explained appealability of certain orders:

> Our framework for analyzing finality and our appellate jurisdiction involving unadjudicated claims is well established:

7

> "First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), NDRCivP, if applicable, must be complied with. If it is not, we are without jurisdiction."

*Dixon v. Dixon,* 2021 ND 94, ¶ 8, 960 N.W.2d 764. *See also Investors Title Ins. Co. v. Herzig,* 2010 ND 138, ¶ 23, 785 N.W.2d 863 ("Only judgments and decrees constituting a final judgment and specific orders enumerated by statute are appealable."); N.D.R.Civ.P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

[¶25] Presuming the district court's August 27, 2021 order was appealable, appeal of that order was tolled by Knorr's September 28, 2021 motion "to dismiss/vacate/set aside order granting motion to amend judgment" which this Court is treating as a Rule 60(b) motion for relief. Majority opinion, ¶ 7. *See* N.D.R.App.P. 4(a)(3)(A) ("If a party files with the clerk of district court any of the following motions under the North Dakota Rules of Civil Procedure, however titled, and does so within the time allowed by those rules, the full time to file an appeal runs for all parties from service of notice of the entry of the order disposing of the last such remaining motion: . . . (vi) for relief under Rule 60 if the motion is served and filed no later than 28 days after notice of entry of judgment;"). The district court denied Knorr's motion on September 28, 2021, so the time for appeal again began to run upon entry of that order absent another exception. Here, entry of the document titled "judgment" on December 30, 2021, apparently is that exception because Knorr's second motion "to dismiss/vacate/set aside order granting motion to amend judgment" was an unrecognized motion to reconsider, as discussed below.

[¶26] Rule 35(a)(2), N.D.R.App.P., provides "Upon an appeal from a judgment, the court may review any intermediate order or ruling which involves the merits and affects the judgment appearing upon the record." The district court's order for recovery of $303,387.29 was denominated a "judgment" and we are accepting it as such. Therefore, appeal from the judgment was timely under N.D.R.App.P. 4(a)(3)(A).

**If the Case is Appealable, Which Order is Reviewable?**

[¶27] With a timely appeal, the second underlying question is which of the district court's orders are reviewable. As written, the majority opinion does not answer this important question and, as a result, leaves the district court with insufficient direction on remand.

[¶28] Under the construct of this case, the December 30, 2021 judgment is reviewable. *See Investors Title,* 2010 ND 138, ¶ 23. By virtue of N.D.R.App.P. 35(a)(2), the "intermediate" August 27, 2021 and September 28, 2021 orders generally could be reviewable on appeal. However, a closer look shows Knorr's "renewed motion to dismiss/vacate/set aside order granting motion to amend judgment" simply was a motion for reconsideration.

[¶29] The majority opinion remands for the district court to explain the basis for its "decision." *See* majority opinion, ¶¶ 11-14. Use of that word suggests the court only entered one order or that both of Knorr's requests for relief were legitimate Rule 60 motions to vacate judgment and are reviewable. I agree as to the first motion filed on September 28, 2021. I disagree as to the second motion filed on October 28, 2021.

[¶30] Regarding Knorr's September 28, 2021 request, this Court does not recognize motions for reconsideration. *See Kautzman v. Doll,* 2018 ND 23, ¶ 9, 905 N.W.2d 744 ("North Dakota law does not formally recognize motions to reconsider. This Court 'treats motions for reconsideration as either motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or as motions for relief from a judgment or order under N.D.R.Civ.P. 60(b).'") (Cleaned up.) Here, Knorr's second motion parroted her first Rule 60 motion for relief, and only can be described as an improper and unrecognized motion for reconsideration. Therefore, the district court's explanation on remand should be limited to why the August 27, 2021 motion was denied, based on the record before the court when the motion was denied.

[¶31] Jon J. Jensen, C.J.
Daniel J. Crothers
Jerod E. Tufte