# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 1

Alonna Knorr f/k/a Alonna Knorr Norberg,            Plaintiff and Appellant

v.

Jon David Norberg,                                  Defendant and Appellee

and

State of North Dakota,                              Statutory Real Party in Interest

### No. 20220064

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Charles A. Stock, Crookston, MN, for plaintiff and appellant; submitted on brief.

Jon D. Norberg, self-represented, Maple Grove, MN, defendant and appellee; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Alonna Knorr, formerly known as Alonna Knorr Norberg, appealed from a money judgment entered in favor of Jon Norberg for Knorr's share of unpaid expenses assigned to her under the divorce judgment. Knorr argued the district court erred by denying her motion to dismiss or vacate the order granting Norberg's motion to amend the judgment because the parties had a global settlement agreement that resolved the issues in this case. In *Knorr v. Norberg*, 2022 ND 139, 977 N.W.2d 711, we retained jurisdiction and remanded for the district court to consider the settlement agreement and for an explanation of the basis for its decision.

[¶2]   Our prior decision sets out the relevant facts and history, and we will not repeat that information. *Knorr*, 2022 ND 139, ¶¶ 2-5.

[¶3]   On remand, the district court considered the parties' settlement agreement and again denied Knorr's motion. The court stated Knorr had the burden of establishing sufficient grounds for relief under N.D.R.Civ.P. 60(b) and she simply pointed to the settlement agreement. The court concluded the agreement alone was not sufficient to grant relief, explaining:

> Knorr still needed to establish sufficient reasons for relief under Rule 60(b). A Rule 60(b) motion is not to be used to relieve a party from free, calculated, and deliberate choices. See, e.g., First Nat. Bank of Crosby v. Bjorgen, 389 N.W.2d 789, 796 (N.D. 1986). If the parties had entered the Agreement before the entry of the Order, Knorr should have informed the Court of such in response to Norberg's Motion. By failing to provide an explanation for why she chose not to respond and by failing to provide an explanation for why she chose to wait to inform the Court of the Agreement, Knorr failed to establish sufficient grounds to set aside the Order.
>
> Moreover, nothing in the record established that the Agreement entitled Knorr to relief. Under the Agreement, Norberg was to withdraw his motion upon—the Agreement becoming "effective and fully enforceable"—being paid in full. (Ex. 1 to Motion, Docket No. 1572, pp. 3 & 6). If Norberg failed to do so,

1

Knorr was permitted to use the Agreement to have the motion withdrawn. (Id. at p. 3). But nothing in the record (that the Court had at the time) indicates that the Agreement was fully enforceable and Knorr was permitted to enforce it. The one actual case she cites as additional proof is of no help. By failing to establish that the Agreement was enforceable, Knorr failed to establish that the issues raised in Norberg's Motion had indeed been resolved.

[¶4] The district court's decision on a motion for relief from a judgment or order under N.D.R.Civ.P. 60(b) is reviewed under the abuse of discretion standard. *See Paulson v. Paulson*, 2021 ND 32, ¶ 8, 955 N.W.2d 92. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

[¶5] Knorr argues the district court abused its discretion by denying her motion. She claims the settlement agreement resolved the issues in this case; she supported her request for relief by quoting language in the agreement indicating the agreement was intended to dispose of Norberg's motion for an amended judgment; and she cited other district court cases as additional proof that the settlement agreement was enforceable and operative and the parties were carrying out its terms. She asserts that the money judgment is for debts the parties expressly agreed were covered by the settlement agreement and that the record reflects that there is no dispute the parties reached the binding and enforceable agreement before the court entered its money judgment.

[¶6] The district court provided two reasons for denying Knorr's motion for relief. The first reason was the timeliness of the motion, stating Knorr should have informed the court about the settlement agreement in response to Norberg's motion and she did not explain why she chose to wait to inform the court. We do not need to determine whether this first reason alone is sufficient, because the court also determined Knorr failed to establish that the settlement agreement is enforceable and that she is therefore entitled to relief.

2

[¶7]   The settlement agreement requires Knorr to pay Norberg $500,000 and states, "The terms of this Settlement Agreement do not become effective and fully enforceable until Norberg receives payment and assignment of NW Mutual payments [from Knorr]." The agreement also specifically addresses Norberg's motion to amend the judgment and states, "Upon execution of this Agreement *and being paid in full*, Norberg shall withdraw his Motion in the District Court and Knorr shall not contest, in any way, Norberg's move to Maple Grove, MN." (Emphasis added). There is no evidence in the record that Knorr paid Norberg in full as required by the settlement agreement and that the agreement became effective and fully enforceable.

[¶8]   Knorr had the burden to establish sufficient grounds for relief under N.D.R.Civ.P. 60(b). *See Kukla v. Kukla*, 2013 ND 192, ¶ 24, 838 N.W.2d 434. The district court did not abuse its discretion by denying her motion. We affirm the judgment.

[¶9]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Jerod E. Tufte
       Kari M. Agotness, D.J.

[¶10] The Honorable Kari M. Agotness, D.J., sitting in place of McEvers, J., disqualified.

3